UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRIAM ZAYAS,

        Plaintiff,

v.

JAY INSLEE,

        Defendant.

CASE NO. 3:24-CV-5362-DGE

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT BE FILED

The District Court has referred Plaintiff Myriam Zayas's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On May 11, 2024, Plaintiff initiated this action by filing a proposed complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 1

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is employed by Uber Eats and makes $ 200.00 per month. Dkt. 1 at 1. She states she has $ 60.00 in cash and no money in her bank accounts. *Id*. at p. 2. Plaintiff owns a Cadillac Escalade and has $ 1,300.00 in monthly expenses. *Id*.

**Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to allege Defendant Jay Inslee, the Governor of the State of Washington, signed the case plan(s) with Child Protective Services ("CPS") for her children so that he can collect federal funding for her children. Dkt. 1-1.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff's conclusory allegations that Inslee violated her constitutional rights by signing CPS case plans is insufficient to state a claim. Plaintiff provides no allegations beyond her speculation that Inslee fraudulently signed case plans in an effort to obtain federal funding to which Plaintiff is entitled. Her factual allegations and claims are implausible. Furthermore, any claims for injunctive relief are barred by the Eleventh Amendment. Therefore, the Court finds Plaintiff has not alleged facts sufficient to show she is entitled to relief in this case.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). While the Court finds it unlikely Plaintiff can cure the deficiencies of the proposed complaint, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend her proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to June 25, 2024.

**Conclusion.** For the above stated reasons, it is hereby **ORDERED** that:

- Plaintiff's application to proceed IFP (Dkt. 1) is **RENOTED** to **JUNE 25, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **JUNE 25, 2024**. If Plaintiff fails to adequately respond to this Order and file an amended complaint by June 25, 2024, the Court will recommend Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

Dated this 28th day of May, 2024.

David W. Christel
United States Magistrate Judge